UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| In The Matter Of: ) | |
| ) | |
| Robert F. Bailey, Sr. ) | Case No. 08-11096-399 |
| Evelyn M. Bailey ) | |
| ) | |
|     Debtors, ) | |
| ) | Chapter 13 |
| CitiMortgage, Inc., or its Successors ) | |
| and Assigns ) | Motion To Lift Stay Filed By |
|     Movant, ) | CitiMortgage, Inc., or its Successors and |
| ) | Assigns |
| vs. ) | |
| ) | |
| Robert F. Bailey, Sr. ) | Vernon D. Singer, Esq. |
| Evelyn M. Bailey ) | Millsap & Singer, LLC |
| ) | 612 Spirit Drive |
| and ) | St. Louis, MO 63005 |
| ) | (636) 537-0110 |
| John V. LaBarge, Jr ) | |
| ) | **Hearing Date: February 7, 2011** |
|     Trustee, ) | **Hearing Time: 1:30 pm** |
| ) | **Objection Deadline: January 31, 2011** |
|     Respondents, ) | |

## NOTICE OF HEARING AND
## MOTION FOR RELIEF FROM AUTOMATIC STAY, OR
## IN THE ALTERNATIVE, TO DISMISS

**WARNING: ANY RESPONSE OR OBJECTION MUST BE FILED WITH THE COURT BY JANUARY 31, 2011 (SEE L.B.R. 9013-1). A COPY MUST BE PROMPTLY SERVED UPON THE UNDERSIGNED. FAILURE TO FILE A TIMELY RESPONSE MAY RESULT IN THE COURT GRANTING THE RELIEF REQUESTED PRIOR TO THE HEARING DATE.**

**THE HEARING TO BE HELD ON THE DATE AND TIME ABOVE BEFORE THE HONORABLE BARRY S. SCHERMER, IN THE UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF MISSOURI, RUSH HUDSON LIMBAUGH, SR.**

1

**UNITED STATES COURTHOUSE, 555 S. INDEPENDENCE STREET, 3A, CAPE GIRARDEAU, MO 63701.**

COMES NOW, CitiMortgage, Inc., or its Successors and Assigns and for its Motion for Relief from Automatic Stay, or, in the Alternative, to Dismiss states as follows:

1. On October 27, 2008, Debtors filed a Petition under Chapter 13 of the Bankruptcy Code. Movant is a corporation organized and existing in accordance with law and is the holder of a Deed of Trust dated October 21, 2004 and recorded in Book 1025, Page 7216 and Deed of Trust Note secured by certain realty located at 2538 C.R. 461, Poplar Bluff, MO 63901; more particularly described as follows:

> TRACT 1: A PARCEL OF LAND IN THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION TWENTY-NINE (29), TOWNSHIP TWENTY-FOUR (24) NORTH, RANGE FIVE (5) EAST, DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHWEST CORNER OF SAID QUARTER SECTION, RUNNING THENCE EAST 416 FEET ALONG AND WITH THE NORTH LINE OF SAID QUARTER SECTION, RUNNING THENCE SOUTH AND PARALLEL WITH THE WEST LINE OF SAID SECTION 312 FEET; RUNNING THENCE WEST PARALLEL WITH THE NORTH LINE OF SAID SECTION 416 FEET; RUNNING THENCE NORTH ALONG AND WITH THE WEST LINE OF SAID QUARTER SECTION 312 FEET TO THE POINT OF BEGINNING. TRACT 2: ALL OF THAT PART OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 29, TOWNSHIP 24 NORTH, RANGE 5 EAST OF THE FIFTH PRINCIPAL MERIDIAN, BUTLER COUNTY, MISSOURI, DESCRIBED AS FOLLOWS: FROM THE NORTHWEST CORNER OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 29, MEASURE N 87 DEGREES 58' 21" E, ALONG AND WITH THE NORTH LINE OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER, A DISTANCE OF 416.0 FEET TO THE POINT OF BEGINNING; THENCE, CONTINUE N 87 DEGREES 58' 21" E, ALONG AND WITH SAID NORTH LINE, A DISTANCE OF 249.62 FEET; THENCE, S 01 DEGREES 28' 48" E, PARALLEL WITH THE WEST LINE OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER, A DISTANCE OF 589.21 FEET; THENCE, S 87 DEGREES 58' 21" W, PARALLEL WITH THE NORTH LINE OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER, A DISTANCE OF 351.62 FEET TO THE EAST LINE OF PROPERTY DESCRIBED IN BOOK 564 AT PAGE 340 IN THE BUTLER COUNTY

DEED RECORDS; THENCE, N 01 DEGREES 28' 48" W, ALONG AND WITH SAID EAST LINE, A DISTANCE OF 277.45 FEET TO THE SOUTH LINE OF PROPERTY DESCRIBED IN BOOK 586 AT PAGE 910; THENCE, N 87 DEGREES 58' 2 I" E, ALONG AND WITH SAID SOUTH LINE A DISTANCE OF 102.0 FEET TO THE SOUTHEAST CORNER OF SAID PROPERTY; THENCE, N 01 DEGREES 28' 48" W, ALONG AND WITH THE EAST LINE OF SAID PROPERTY, A DISTANCE OF 312.0 FEET TO THE FOINT OF BEGINNING

A copy of said Deed of Trust, which is recorded in the Butler County Recorder of Deeds Office, has been electronically attached to this document as an Exhibit and is made a part hereof by this reference.

2. Movant seeks to enforce said Note and Deed of Trust as by law allowed. No creditor or Trustee of the estate has any interest in said realty superior to the rights of Movant.

3. This Court previously entered its Order pursuant to 11 U.S.C. Section 362(a) prohibiting, among other things, any act to enforce any lien against the property of the estate and any act to obtain possession of property of the estate.

4. The current pay off on said note is as follows:

| | |
|---|---|
| Principal | $77,793.37 |
| Interest | $1,762.74 |
| Late Charges | $65.96 |
| Escrow | $145.12 |
| Inspection Fees | $121.50 |
| Suspense | ($526.38) |
| MFR Attorney Fees | $550.00 |
| MFR Attorney Costs | $150.00 |
| Servicing Fees | $27.00 |
| Appraisal/BPO | $168.00 |
| Total Pay Off | $80,257.31 |

5. The Chapter 13 Plan filed by the Debtors proposes to pay post-petition payments directly to CitiMortgage, Inc., or its Successors and Assigns. Monthly post

petition payments are owing and delinquent from October 15, 2010 to the present. The following are the payments that are delinquent:

| | |
|---|---|
| 3 payments @ $725.81 | $2,177.43 |
| MFR Attorney Fees | $550.00 |
| MFR Attorney Costs | $150.00 |
| Suspense Balance | ($526.38) |
| Total Arrearages | $2,351.05 |

A post-petition payment history has been electronically attached to this document as an Exhibit and is made a part hereof by this reference.

6. The aforesaid realty has depreciated in value while in possession of the Debtors. There is no equity in said property for the benefit of the Debtors. Such property is not necessary for an effective reorganization.

7. By reason of the aforesaid facts, Movant lacks adequate protection of its interest in said property pursuant to the 11 U.S.C. Section 362(d), and Movant is entitled to relief from the automatic stay order.

8. Movant specifically requests permission from this Honorable Court to communicate with Debtors and Counsel for Debtors to the extent provided for under applicable nonbankruptcy law.

WHEREFORE, Movant prays that this Court terminate the automatic stay in regard to the realty in order to permit Movant to proceed with foreclosure on the aforesaid property, to pursue its remedies under state law in connection with the aforesaid Deed of Trust and Note, and to pursue its remedies under state law for possession of said property after foreclosure and for an order that the relief from the automatic stay is not stayed pursuant to Rule 4001 for fourteen (14) days. In the alternative, Movant prays that this Court dismiss this case for failure to abide by the terms and conditions of the Chapter 13 plan, and for such other relief as is appropriate and just.

Dated December 30, 2010

                    Millsap & Singer, LLC

                    */s/ Cynthia M. Woolverton*
Vernon D. Singer, #35335, #35335MO
Cynthia M. Woolverton, #47698, #47698MO
612 Spirit Drive 300
St. Louis, MO  63005
Telephone:   (636) 537-0110
Facsimile:    (636) 537-0067
bktyed@msfirm.com

Attorneys for CitiMortgage, Inc., or its Successors and Assigns


## CERTIFICATE OF SERVICE

I certify that a copy of this document was either electronically mailed or forwarded first-class regular mail December 30, 2010 to the following parties:


                    */s/ Cynthia M. Woolverton*



Robert F. Bailey, Sr.
Evelyn M. Bailey
2538 CR 461
Poplar Bluff, MO 63901

John David Moore
Moore Law Offices
PO Box 1027
Sikeston, MO 63801
johndavid@moorelawoffice.com

John V. LaBarge, Jr.
Office of the Chapter 13 Trustee
PO Box 430908
St. Louis, MO 63143
standing_trustee@ch13stl.com